CHICAGO—FIRST DISTRICT—JULY, 1912.     609

Massachusetts Bonding & Ins. Co. v. Binnie, 171 Ill. App. 609.

## Massachusetts Bonding & Insurance Company, Defendant in Error, v. H. W. Binnie, Plaintiff in Error.

### Gen. No. 17,191.

INDEMNITY—*when premium on indemnity bond is earned.* Where an ordinance permitting a person to lay a switch track provides that it is to take effect upon its acceptance and the filing of an indemnity bond to the city with the city clerk within a certain time, which is done, the granting of a permit by the city clerk is not a condition precedent to its taking effect, and the refusal of the clerk to grant a permit will not preclude the collection of a premium earned by supplying the bond, the premium being "for the life of the bond."

Error to the Municipal Court of Chicago; the Hon. STEPHEN A. FOSTER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed July 23, 1912.

WILLIAM S. CORBIN and ERWIN R. LILLARD, for plaintiff in error.

MOSES, ROSENTHAL & KENNEDY, for defendant in error; WALTER BACHRACH, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

Defendant in error brought suit to recover a premium for $200, which it claimed it had earned by the execution and delivery of a bond indemnifying the City of Chicago against any liability, etc., that might arise in consequence of an ordinance granting plaintiff in error permission to lay and operate a switch track across a certain street. The affidavit of defense made copies of the ordinance, the bond, and a repealing ordinance, parts thereof, and set up in effect that plaintiff in error had complied with the requirements of the ordinance before its repeal, and that the city had refused to grant permission to lay said tracks as provided by the ordinance.

610    APPELLATE COURTS OF ILLINOIS.

Massachusetts Bonding & Ins. Co. v. Binnie, 171 Ill. App. 609.

On motion, the affidavit was stricken from the files for insufficiency, and judgment for the amount of the premium was entered by default for want of an affidavit of merits. Under the terms of the application for the bond, the premium was to be "for the life of the bond," and plaintiff in error contends that the bond was never in force or effect, and hence had no life, because, as he claims, the conditions of the ordinance were not performed and the ordinance, therefore, never went into effect.

The ordinance by its terms was to take effect and be in force from and after its passage and approval provided that a written acceptance of it and the bond were filed with the city clerk within sixty days of the passage thereof.

From the affidavit aforesaid it appears that plaintiff in error within sixty days accepted the ordinance, tendered a bond approved by the mayor as required by the ordinance, and also the annual compensation required thereunder; in fact, it appeared therefrom that he did everything he was required to do, and had only to exercise the rights the ordinance conferred upon him.

The only question, therefore, raised by the affidavit of defense was whether the refusal to grant a permit and the refusal of the city clerk to file the bond then tendered prevented the ordinance from taking effect, and the bond from being in force.

If, as it appears, the ordinance was to take effect upon its acceptance and the filing of the bond as aforesaid, and plaintiff in error accepted the same and tendered a duly approved bond for filing, it was not in the power of the city clerk to suspend the ordinance or prevent it from going into effect by his refusal to perform the ministerial act of filing the bond, which, under the circumstances, in no wise would affect plaintiff in error's rights. Nor was the granting of a permit a condition precedent to the ordinance

taking effect.   In our opinion, therefore, the ordinance was in effect until repealed, and if plaintiff in error had seen fit to assert his rights thereunder, and had failed to comply with its terms, a recovery could have been had under the bond.   Consequently, defendant in error had, on the facts disclosed in the record, earned its premium, and the matters set up in the affidavit constituted no defense to the action.   The court, therefore, did not err in striking the affidavit from the files and rendering judgment as by default.

The motion of defendant to strike from the record the affidavit and statement of claim, and affidavit of defense will be denied.

*Judgment affirmed.*